UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)   ACQUANITA MARTIN, as Special Administrator for the Estate of Myron Martin<br><br>         Plaintiff,<br><br>(1)   Oklahoma Department of Corrections,<br>(2)   Warden Margaret Green<br>(3)   John Doe 1-10<br><br>         Defendants. | Case No.:  CIV-24-1221-JD |

# COMPLAINT

Acquanita Martin, as Special Administrator for the Estate of Myran Martin ("Estate'), submits this Complaint against the above-named Defendants.

## I.

### Parties, Jurisdiction and Venue

1. Acquanita Martin is the court appointed Special Administrator for the Estate of Myron Martin. She is a resident of the State of Oklahoma.

2. Margaret Green is the executive director and warden for the Mack Alford Correctional Center. As warden, Green is the final policymaker under state law for the operation of the Mack Alford Correctional Center. The warden has a duty to provide adequate medical care to the inmate population

3. Upon information and belief there were a number of other guards, jail staff, and

medical staff all of which were employees or agents of the Oklahoma Department of Corrections all of which acting within their scope of employment and under the color of state law.

4. The events giving rise to this litigation occurred within the territorial jurisdiction of this Court, and the claims presented by the complaint raise federal questions over which this Court has original jurisdiction.

## II.

## Statement of Facts

5. Myron Martin was in the care and custody of the Oklahoma department of Corrections at the time of his passing on or about November 21, 2022.

6. At the time of his passing Myron Martin was being held in an administrative segregation unit, colloquially termed the hole.

7. While in this administrative segregation unit, Myron was neither able to visit with or have contact with other inmates housed at the Mack Alford Correctional Center.

8. The day prior to his death and being placed in the hole Mr. Martin had a confrontation with prison staff in which he was physically restrained and staff deployed Oleoresin Capsicum (OC) spray to gain control of Mr. Martin

9. The only individuals that had contact with Myron Martin during the time of his death were staff, employees, and or agents of the Oklahoma Department of Corrections at the Mack Alford Correctional Center.

10. Mr. Martins behavior clearly exhibited that of person in distress.

11. Correctional officers did not perform an in person exam, but instead a video interview of Mr. Martin where the RN noted that Martin did not report injuries.

12. No further medical assistance, was rendered to Mr. Martin until the next day

when prions staff attempted to revive him.

13. Myron Martin, while in segregation at the Mack Alford Correctional Center, Died of an overdose on or about November 21, 2022.

14. The only individuals who would have been able to supply the methamphetamine which Mr. Martin overdosed on were those who oversaw his care and custody at the time of his death.

15. Myron Martin also has significant bruising and blunt force trauma to the head at the time of his

## III.
## Statement of Claims
## Claim 1
### Deliberate Indifference – Medical Care
### 42 U.S.C. § 1983
### Oklahoma Department of Corrections

16. Estate adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

17. The practices described above are either persistent, widespread, and so common and well-settled within the Oklahoma Department of Corrections as to constitute a custom that fairly represents municipal policy, or they are consistent with the official written policy adopted or promulgated by those with the final policymaking authority.

18. These unwritten or written policies were enforced and maintained despite actual or constructive notice that the policy or practice of withholding medical care after an overdose exposes individuals to a substantial risk of harm by delaying or denying necessary medical care, and the policies or practices above served as the moving force behind the deprivations suffered by the Estate for which Defendant Oklahoma Department of Corrections is liable.

### Claim 2
### Deliberate Indifference – Medical Care
### Jailers and Warden
### 42 U.S.C. § 1983

19. Estate adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

20. Maring was placed in the hole by correctional officers and staff.

21. Based upon the isolated nature of being in the hole it is clear that the risk of being unable to respond to a medical event is heightened.

22. When correctional staff suppled Martin with illegal and illicit drugs that risk was not only heightened it was deadly.

## IV
## Relief Requested

23. Estate respectfully requests the Court grant all legal and equitable relief to which it is entitled, including, but not limited to the following:

   A. A declaratory judgment that Defendant's policies or practices violated the constitutional rights of Myron Martin under 42 U.S.C. § 1983;

   B. Actual and compensatory damages against all Defendants in excess of $500,000.00;

   C. Punitive damages against Defendants named in their individual capacity;

   D. An award of reasonable costs and attorney's fees;

   E. Pre and post judgment interest;

   F. Any other relief the Court deems just and equitable.

Respectfully Submitted,


/s/Cordal Cephas
Cordal Cephas, OBA#33857
Lashandra Peoples-Johnson, OBA#33995
**Johnson | Cephas Law, PLLC**
2816 E 51St St. Suite 200
Tulsa, OK 74105
Ph:(918) 992-6890
Fax:(918) 992-6890
cordal@johnsoncephaslaw.com
*Attorneys for Plaintiff*


/s/ Lashandra Peoples-Johnson
Cordal Cephas, OBA#33857
Lashandra Peoples-Johnson, OBA#33995
**Johnson | Cephas Law, PLLC**
2816 E 51St St. Suite 200
Tulsa, OK 74105
Ph:(918) 992-6890
Fax:(918) 992-6890
cordal@johnsoncephaslaw.com
*Attorneys for Plaintiff*